```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| SCOTIABANK OF PUERTO RICO, | |
|---|---|
| **Plaintiff,** | |
| **v.** | **Civil No.** 16-1026 (FAB) |
| JOSE C. SANCHEZ-CASTRO, | |
| **Defendant.** | |
| BANCO POPULAR DE PUERTO RICO, | |
| **Plaintiff,** | Re:  Removal of Consolidated Cases |
| **v.** | D CD2010-2896 |
| JOSE C. SANCHEZ-CASTRO, | D CD2010-3120 |
| **Defendant.** | |

**OPINION AND ORDER**

BESOSA, District Judge.

Pending before the Court is plaintiff Banco Popular de Puerto Rico ("BPPR")'s motion seeking remand of these consolidated actions to the Puerto Rico Court of First Instance, Bayamon Superior Division, as well as reimbursement of costs, attorney fees and expenses pursuant to 28 U.S.C. §1447(c).  (Docket No. 14.)  Having considered the motion, defendant's notice of removal and his opposition, (Docket Nos. 1 & 15), and BPPR's reply, (Docket No. 18), the Court **GRANTS** the motion and **REMANDS** these cases to the Commonwealth court.

## I. BACKGROUND

In August and September 2010, Doral Bank ("Doral") brought two separate foreclosure actions - DCD2010-2896 and DCD2010-3120 - against defendant Jose C. Sanchez-Castro ("Sanchez"). (Docket Nos. 8-2 & 8-4.) Those actions were filed in, and were subsequently consolidated by, the Puerto Rico Court of First Instance, Bayamon Superior Division. Id. At some point during the proceedings, Sanchez discovered that the mortgage notes originally held by Doral had been assigned or transferred to Scotiabank of Puerto Rico ("Scotiabank") and BPPR, who were later substituted as plaintiffs in the consolidated actions. (Docket No. 1 at pp. 2-3.) Following these party substitutions, Doral became insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for the failed bank. Id. at p. 2; Docket No. 14 at p. 1.

After Doral had been placed in receivership, defendant Sanchez allegedly asked the FDIC to provide information regarding the assignment of the mortgage notes, a request that was rebuffed. (Docket No. 1 at pp. 2-3.) He also filed a claim with the FDIC alleging that Doral had engaged in certain wrongful activity. Id. When the FDIC disallowed his claim, Sanchez filed a separate lawsuit in this district - Case No. 3:15-cv-03075 (ADC) - pursuant to 12 U.S.C. §1821(d)(6). (Docket No. 15 at pp. 3-4.) That suit names the FDIC, Doral, BPPR, Scotiabank, and two Puerto Rico law firms as defendants. See Civil No. 15-3075, Docket No. 1.

On January 5, 2016, defendant Sanchez removed the consolidated foreclosure actions to this Court, asserting that removal was appropriate so that those two actions could be further consolidated with Case No. 3:15-cv-03075 (ADC).  (Docket No. 1 at p. 4.)  On March 14, 2016, BPPR moved the Court to remand the consolidated cases to the Commonwealth court, (Docket No. 14), a request that Sanchez opposed, (Docket No. 15).

## II.  DISCUSSION

### A.  Sanchez's Removal of the Consolidated Foreclosure Actions

#### 1.  Legal Standard

Removal of an action to federal court is governed by the removal statute, 28 U.S.C. § 1441, which provides, in relevant part, that defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "The propriety of removal thus depends on whether the case originally could have been filed in federal court."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); see also Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action.") Original jurisdiction in the district court exists pursuant to 28 U.S.C. § 1331 where a federal question - i.e., a claim "arising

Civil No. 16-1026 (FAB)                                                4

under the Constitution, laws, or treaties of the United States" - is raised in the plaintiff's complaint, or where there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  For cases in which the FDIC is involved as a party, original jurisdiction lies in the federal courts on the basis of federal question jurisdiction.  See 12 U.S.C. § 1819(b)(2)(A).

When a dispute over removal jurisdiction arises, it is the removing defendant's burden to show that removal was proper.  See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  The removal statute should be "strictly construed" against removal, and any doubts about the propriety of removal should be resolved against the party seeking removal of an action.  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); see also, Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004); Danca, 185 F.3d at 4; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."  28 U.S.C. § 1447(c).

### 2.  **Analysis**

In his notice of removal, defendant Sanchez states that, "[a]lthough the case as stated in the initial pleadings before state court was not removable, post-judgment proceedings have brought the case within the scope of the District Court's original jurisdiction."  (Docket No. 1 at p. 1.)  Sanchez fails, however, to subsequently unpack this argument in a clear and coherent manner.  As best the Court can tell, the gravamen of his claim is that removal has become appropriate in light of his initiation of a separate - but related - federal lawsuit in this district, Case No. 3:15-cv-03075 (ADC).  Indeed, Sanchez ultimately posits that, because "[a]ll parties in the case to be removed are named defendants in that [federal] case," removal for the sake of further consolidation is proper.  (Docket No. 1 at pp. 3-4); see also Docket No. 15 at p. 6 (asserting that the "state cases, which have the same issues of law and fact and involve the same parties, should be consolidated with this Honorable Court.")

Conspicuously absent from both his notice of removal and his opposition to BPPR's motion to remand, however, is any discussion fleshing out the specific legal basis for the Court's original subject matter jurisdiction over the consolidated foreclosure actions.  Sanchez does not mention either diversity of citizenship or the existence of a federal question in those

actions.[1]  Rather than examining these bases of original jurisdiction, Sanchez simply emphasizes, as justification for removal, the relationship - in terms of both subject matter and parties - between the state foreclosure cases and Case No. 3:15-cv-03075 (ADC) currently pending in this district.  The factual connections between those proceedings do not, however, establish the Court's *original* jurisdiction over the consolidated foreclosure actions.  At best, these connections provide the Court with a potential basis to exercise *supplemental* jurisdiction over the consolidated cases.  It is not at all clear, however, that the

---

[1] Sanchez's opposition offers a perfunctory and incidental - almost offhanded - allusion to 12 U.S.C. § 1819(b)(2)(A) ("section 1819"), which provides a grant of federal subject matter jurisdiction to "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party . . . ." 12 U.S.C. § 1819(b)(2)(A); see Docket No. 15 at p. 5.  His brief, however, neither focuses on, nor directly invokes the applicability of, that specific statutory provision as a basis for the Court's original jurisdiction.  The Court is not convinced, in any case, that section 1819 applies to the consolidated Commonwealth actions in order to justify their removal to this district.  As Sanchez himself acknowledges, the mortgage notes originally held by Doral have since been assigned to other entities: Scotiabank and BPPR. This transfer - and the resulting substitution of the failed bank as a plaintiff - effectively removed the FDIC as receiver from the consolidated actions.  Section 1819, therefore, no longer bestows upon the federal courts original jurisdiction over those cases. See, e.g., Mill Investments, Inc. v. Brooks Woolen Co., 797 F. Supp. 49, 52 (D. Me. 1992) (Noting the elimination of the court's original jurisdiction pursuant to section 1819 where the substitution of a failed bank by a third party terminated the FDIC's involvement as receiver in a foreclosure action); New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1502-04 (3d Cir. 1996) (holding that original federal jurisdiction is no longer supported pursuant to section 1819 where the FDIC has been divested of any interest in the property at issue).

Civil No. 16-1026 (FAB)                                                7

supplemental jurisdiction statute - 28 U.S.C. § 1367 - constitutes an independent source of jurisdiction for removal.  Although the First Circuit Court of Appeals has yet to directly address whether supplemental jurisdiction on its own can justify removal of a state court action, the general consensus among courts to have considered the issue is that it cannot.  See, e.g., Zewe v. Law Firm of Adams & Reese, 852 F. Supp. 516, 520 (E.D.La. 1993) (holding that "a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court suit which was removed without original jurisdiction.  In this situation, a remand is mandated under 28 U.S.C. § 1447(c)."); In re Estate of Tabas, 879 F.Supp. 464, 467 (E.D.Pa. 1995) (finding that the supplemental jurisdiction statute "is not . . . an independent source of removal jurisdiction," and therefore "does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (internal citations

omitted); Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255, 260 (5th Cir. 2014); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 706 (8th Cir. 2003); see also Syngenta, 537 U.S. at 34 ("Ancillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441."); 29A Fed. Proc., L. Ed. § 69:3 (2010) ("The original jurisdiction requirement is an absolute and nonwaivable prerequisite to removal jurisdiction.  A district court is not endowed with jurisdiction to hear a case on removal merely because . . . a related case is pending in the federal court.") (footnote omitted).

Because defendant Sanchez has failed to carry his burden of showing that original - and not merely supplemental - subject matter jurisdiction over the consolidated foreclosure actions lies in the federal courts, removal of those actions to this district is

inappropriate.² Accordingly, BPPR's motion requesting the remand of those consolidated cases to the Commonwealth court is properly **GRANTED**.³

---

² Sanchez maintains that removal is proper because he complied with the applicable requirements of 28 U.S.C. § 1446 merely by providing a notice of removal that included "a short and plain statement of the grounds" for his request. See Docket No. 15 at p. 2. This claim, however, obtusely ignores the fundamental legal reality that the grounds asserted in the notice cannot simply be any ground that Sanchez unilaterally decides is sufficient to justify removal. Those grounds must instead relate to the court's *original subject matter jurisdiction* over the consolidated foreclosure actions. Because Sanchez fails to develop those grounds expressly in either his notice of removal or his opposition brief, his request to remove the Commonwealth cases to this district is inherently deficient.

³ In his opposition brief, defendant Sanchez also argues that BPPR's motion to remand should be denied because it is time-barred. (Docket No. 15 at pp. 1-2.) Sanchez maintains that, pursuant to 28 U.S.C. § 1447(c), BPPR was required to file its motion to remand within 30 days after Sanchez filed his notice of removal with the Court. Id. This argument, however, misses the mark. As BPPR correctly points out in its reply brief, the 30-day limitations period contained in section 1447 applies only to motions seeking remand "on the basis of any defect *other than lack of subject matter jurisdiction*." 28 U.S.C. § 1447(c) (emphasis supplied). In other words, it applies only to *procedural* defects in the notice of removal, not to *jurisdictional* ones. See, e.g., Samaan v. St. Joseph Hosp., 670 F.3d 21, 27-28 (1st Cir. 2012) (distinguishing between procedural defects in removal, which can be waived by plaintiffs pursuant to 28 U.S.C. § 1447(c), and jurisdictional defects, which cannot). Because BPPR's motion to remand challenges the Court's subject matter jurisdiction over the consolidated foreclosure actions, it is not subject to the 30-day limitations period. Sanchez therefore errs in attacking the motion as untimely.

## B. BPPR's Request for Reimbursement of Costs and Expenses

The Court must now address plaintiff BPPR's argument that it is entitled to reimbursement of costs and expenses incurred as a result of Sanchez's removal attempt.

### 1. Legal Standard

As the United States Supreme Court has noted, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  Thus, an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. 1447(c).  An award of fees pursuant to section 1447(c) is committed to the sound discretion of the district court, and there is neither a strong presumption in favor of awarding fees on remand, nor a strong bias against fee awards.  See Martin, 546 U.S. at 138-39 (noting the district court's discretion and that there is "nothing to . . . [suggest] that fees under § 1447(c) should either usually be granted or usually be denied.")  Given that there is "no heavy congressional thumb on either side of the scales" when it comes to the reimbursement or denial of costs and fees, "the standard for awarding fees should turn on the reasonableness of the removal."  Id. at 139-41.  Consequently, "[a]bsent unusual circumstances,

Civil No. 16-1026 (FAB)                                                11

courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141.  In other words, "when an objectively reasonable basis exists, fees should be denied." Id.

### 2. Analysis

Plaintiff BPPR argues that Sanchez's removal of the consolidated foreclosure actions from the Commonwealth court was "frivolous" because he "lacked any objectively reasonable basis for seeking removal under the Court's federal question jurisdiction." (Docket No. 14 at p. 4.)  BPPR therefore asserts that Sanchez should "be ordered to pay costs, expenses and attorney's fees pursuant to 28 U.S.C. § 1447(c)." Id.  The Court agrees.

As discussed above, Sanchez failed to present any valid justification for removal of the consolidated foreclosure cases. Although his notice of removal declares that developments in the proceedings have conferred original subject matter jurisdiction on the federal courts, his filings with the Court ultimately do nothing to substantiate this specific, necessary claim.  Rather, his notice of removal and opposition to BPPR's request for remand focus primarily on his commencement of Case No. 3:15-cv-03075 (ADC) and the alleged need to consolidate the Commonwealth foreclosure actions with that pending federal suit based on the close relationship between them.  While it is true that this relationship might permit the Court to exercise supplemental jurisdiction over

the consolidated actions, a minimal amount of research on Sanchez's part would have revealed to him that supplemental jurisdiction generally does not constitute an independent grounds for removal jurisdiction.  In light of this fact, the Court finds that Sanchez lacked an objectively reasonable basis to seek removal of the foreclosure actions.  Accordingly, BPPR's request for reimbursement of reasonable costs, expenses, and attorneys' fees pursuant to 28 U.S.C. §1447(c) is appropriately **GRANTED.**

### III.  CONCLUSION

Plaintiff BPPR's motion to remand (Docket No. 14) is **GRANTED** and these consolidated actions are **REMANDED** to the Puerto Rico Court of First Instance, Bayamon Superior Division for further proceedings.  The Clerk of the Court shall, pursuant to 28 U.S.C. §1447(c), mail a certified copy of this Order to the Clerk of the aforementioned Commonwealth court.

Defendant Sanchez is also ordered to pay the reasonable costs and actual expenses, including attorneys' fees, incurred by BPPR as a result of his improper removal attempt.  The Court retains jurisdiction in this matter for the sole purpose of determining the amount of fees and costs to be awarded.  BPPR will provide the Court with a memorandum of those costs and expenses **by January 20, 2017.**  This memorandum should set forth the following: (1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, and (5) any information, where appropriate, as to other

Civil No. 16-1026 (FAB)                                              13

factors which might assist the Court in determining the dollar amount of the fee and costs to be allowed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 5, 2017.

                                            <u>s/ Francisco A. Besosa</u>
                                            FRANCISCO A. BESOSA
                                            United States District Judge